People v D.C. (2025 NY Slip Op 50914(U))

[*1]

People v D.C.

2025 NY Slip Op 50914(U)

Decided on June 4, 2025

County Court, Orange County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 4, 2025
County Court, Orange County

The People of the State of New York

against
D.C., Defendant.

Ind. No. 2025-124

THE KLEISTER LAW GROUP
Attorneys for Defendant D.C.
85 East Main Street
Washingtonville, New York 10992
ORANGE COUNTY DISTRICT ATTORNEY
Attorney for the People
255-275 Main Street
Goshen, New York 10924

Craig Stephen Brown, J.

The People move for an order preventing removal of the above captioned criminal action against defendant D.C. to the Family Court pursuant to CPL §722.23.
The following papers were read:

 Notice of Motion - Affirmation of Assistant District Attorney Kelle K. Grimmer 1 - 2
Christopher Kleister, Esq.'s Affirmation in Opposition 3

Upon the foregoing papers it is hereby ORDERED that the People's motion to prevent the removal of the instant criminal action against defendant D.C. to Family Court is granted.
The Court makes the following findings of fact and conclusions of law.
On March 24, 2025, the defendant was indicted on the armed violent felony charge of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law Section 265.03[3], Criminal Possession of a Firearm in violation of Penal Law Section 265.01-b[1], and Conspiracy in the Fourth Degree in violation of Penal Law Section 105.10[1]. The aforesaid felonies were allegedly committed on September 30, 2021 when the defendant was 17 years old.
The evidence submitted to the Court reveals the following summary of events:
"On September 30, 2021, [co-defendant Nehemiah] Clarke asked D.C. for a firearm with which to commit a robbery. D.C. provided Clarke with a loaded firearm, a 9mm pistol, knowing [*2]Clarke intended to display that firearm and use it for a robbery. A short while later on that same day, Clarke, [co-defendant] Jordan Burch, and another unnamed individual attempted to rob a cab driver at gunpoint while in the cab with him. During the course of attempting to commit that robbery or of immediate flight therefrom, Clarke shot and killed that cab driver, Mr. [Jorge Arbayza] de la Cruz. One 9mm casing was located inside of the cab. The autopsy report of Mr. de la Cruz revealed his cause of death was gunshot wounds created by one gunshot; one bullet that entered his outer upper arm, fragmented and partially exited his armpit area of the same arm, then entered his torso injuring his lungs and heart. Bullet fragments recovered from the body of Mr. de la Cruz were analyzed at the New York State Police Forensic Investigation Center and were determined to be categorized as 38 class ammunition, which includes the caliber of 9mm" (Affirmation of Assistant District Attorney Kelle K. Grimmer, paragraph 8).
The People contend that the firearm used to murder Mr. de la Cruz was the 9mm firearm provided by defendant D.C. The People further contend that defendant D.C. "did intentionally aid the other defendants in committing the offenses which resulted in displaying the firearm to the cab driver as well as his death. In fact, defendant D.C. is indicted for Conspiracy in the Fourth Degree for agreeing with others to engage in conduct constituting Robbery in the First Degree for forcibly stealing from another with a deadly weapon, which was a loaded firearm. By providing a loaded firearm to Clarke, knowing its intended use, D.C. is the first link in the chain and set in motion the events that led to the death of Mr. de la Cruz" (Affirmation of Assistant District Attorney Kelle K. Grimmer, paragraph 9).
Pursuant to CPL §722.23[2], "Upon the arraignment of a defendant charged with a crime committed when he or she was sixteen or, commencing October first, two thousand nineteen, seventeen years of age on a violent felony defined in section 70.02 of the penal law ... the court shall review the accusatory instrument and any other relevant facts for the purpose of making a determination pursuant to paragraph [c] of this subdivision." Essentially, the court must remove the case to the family court unless the prosecutor can demonstrate a basis for not doing so, as enumerated in paragraph [c]. Both parties may be heard and submit information relevant to the court's determination. There is a clear presumption of removal to family court for Adolescent Offenders. The court is required to order the action be removed to family court in accordance with subdivision one unless, after reviewing the papers and hearing from the parties, the court determines in writing that the district attorney proved by a preponderance of the evidence that "(i) the defendant caused significant physical injury to a person other than a participant in the offense..." (CPL §722.23[2][c][i]).
This Court has determined that the People have established, by a preponderance of the evidence, that defendant D.C. "caused significant physical injury to a person other than a participant in the offense" (CPL §722.23[2][c][i]). Based upon the totality of the circumstances regarding his accessorial conduct, defendant D.C., through his actions, did cause significant physical injury to Jorge Arbayza de la Cruz resulting in his death. The nature of defendant D.C.'s conduct - providing a loaded firearm for use in an armed robbery - clearly establishes that he played a pivotal and substantial role in causing the significant physical injury to Mr. de la Cruz. By providing his co-defendant with the loaded gun for the purpose of committing an armed robbery, it is clear that defendant D.C. was acting with the state of mind required for the commission of that armed violent felony in that he intentionally aided his co-defendant to engage [*3]in the armed robbery with a loaded gun. Defendant D.C. was aware that his co-defendant intended to use or threaten the immediate use of that loaded gun as a means of employing physical force upon another person for the purpose of compelling that other person to deliver up the property, or to prevent or overcome the resistance to taking the property. The use of the loaded gun and defendant D.C.'s intent that his co-defendant be able to use that loaded gun in said manner caused the death of Mr. de la Cruz.
Based upon these findings by the Court, pursuant to CPL §722.23[2][c], defendant D.C.'s top charge of Criminal possession of a Weapon in the Second Degree shall not be removed to the Family Court (see People v. A.T., 63 Misc 3d 336 [2019]; People v. Y.L., 64 Misc 3d 664 [2019]; People v. Colon, 72 Misc 3d 785 [2021]). The Court notes that technically the lesser charges against D.C. could be removed to the Family Court. Removal of such charges would not be in the interest of judicial economy and might result in conflicting outcomes. In addition, pursuant to CPL §722.23[1][d], the Court finds that extraordinary circumstances exist that prevent the transfer of this criminal action to the Family Court. D.C. demonstrated a depraved indifference to human life by providing a loaded firearm for the specific purpose of committing an armed robbery. Under the extraordinary circumstances presented herein, including the egregious and extremely dangerous conduct of D.C., removal to the Family Court is not appropriate. A transfer of the instant case to Family Court would erode public confidence in the criminal justice system. Accordingly, after considering D.C.'s individual behavior and conduct, the People's motion to prevent removal of the pending criminal action must be granted (see, for e.g., People v. Guerrero, 235 AD3d 1276 [4th Dept., 2025]; People v. R.U., 70 Misc 3d 540 [2020]).[FN1]

This matter is scheduled for an in-person conference before the undersigned on June 12, 2025 at 11:30 A.M.
The foregoing constitutes the Decision and Order of this Court.
So Ordered.
Dated: June 4, 2025
Goshen, New York
HON. CRAIG STEPHEN BROWN
COUNTY COURT JUDGE

Footnotes

Footnote 1:The Court has considered the cases cited and relied upon by defendant in support of removal, including People v. M.R., 68 Misc 3d 1004 (Kings County Supreme Court, 2020); People v. S.J., 72 Misc 3d 196 (Fam. Ct. 2021); People v. T.P., 73 Misc 3d 1215(A) (NY Co. Ct. 2021). This Court finds those cases distinguishable, as defendant's conduct in the matter sub judice was no less extraordinary or dangerous than the cases where removal has been denied.